FILED

98 AUG -4 PM 12: 46

U.S. DISTRICT COURT
N.D. OF ALABAMA

ENTERED

AUG 0 4 1998

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| JOHN DAHLQUIST and<br>BRENDA DAHLQUIST,<br><br>Plaintiffs,<br><br>v.<br><br>CHASE MANHATTAN<br>AUTOMOTIVE FINANCE<br>CORPORATION; DUBLIN<br>TOYOTA-PONTIAC, INC.,<br><br>Defendants. | CASE NO. CV 98-B-1301-S |

## MEMORANDUM OPINION

This case is before the court on the Motion to Remand filed by plaintiffs John Dahlquist and Brenda Dahlquist (collectively, the "Dahlquists") on June 12, 1998.[1] The Dahlquists originally filed this action in the Circuit Court of Jefferson County, Alabama, claiming breach of contract, breach of implied warranty of title, negligence, fraud, and suppression, all allegedly arising from the lease and sale of an automobile. Upon consideration of the record, the submissions of the parties, and the relevant law, the court concludes that the plaintiffs' motion is due to be granted and this action is due to be remanded to the Circuit Court of Jefferson County, Alabama.

---

[1] The court had scheduled oral argument on the defendant's Motion to Dismiss but orally continued the hearing due to a trial conflict. This hearing was set before the plaintiffs filed their Motion to Remand. Having reviewed all material filed by the parties, the court is of the opinion that oral argument would not be helpful to the court.



## I. FEDERAL JURISDICTION

A case may be removed to federal district court by defendants in a civil proceeding if the district court has original jurisdiction over the action. 28 U.S.C. § 1441(a). Original jurisdiction may be based on a federal question or diversity. A federal court has diversity jurisdiction over an action if the action is between citizens of different states and the amount in controversy exceeds $75,000, exclusive of interest and costs. 28 U.S.C. § 1332. Additionally, if removal is premised upon diversity jurisdiction, none of the defendants in the action may be citizens of the forum state for the action to be removable.

## II. DISCUSSION

In the present case, it is not disputed that the parties are citizens of different states. The plaintiffs' Motion to Remand is based upon their assertion that the amount in controversy does not exceed the $75,000 threshold. *See* Pls.' Mot. to Remand at ¶ 4. In the *ad damnum* clauses of the first six counts of their Complaint, the plaintiffs specify that their demand for judgment does not exceed $74,999, exclusive of costs and interest. *See* Compl. at 4-8. In the seventh and final count, the plaintiffs request the court "to grant specific performance and require the defendants to convey marketable title to the automobile to the plaintiffs." *Id.* at 9. The Dahlquists have submitted affidavits stating that they are seeking no more than $74,999 in total damages for the entire lawsuit. *See* Brenda Dahlquist Aff. at ¶¶ 3-5; John Dahlquist Aff. at ¶¶ 3-5. In light of this affidavit testimony, the court is satisfied that the Dahlquists' Complaint does not seek damages under $74,999

for *each* count of the Complaint, but rather total damages under $74,999 for the entire lawsuit.

The defendants counter that the jurisdictional minimum has been met because the potential $74,999 in damages from Counts One through Six combined with the value of the specific performance (i.e., the value of a marketable title to the automobile) requested in Count Seven would easily exceed $75,000. Defs.' Resp. at 2-4. While the plaintiffs do not explicitly include the value of their requested specific performance under this $74,999 cap, two factors militate against the defendants' position. First, Count Seven's Specific Performance claim and Count Two's Breach of Contact claim state mutually exclusive theories of recovery. Both counts essentially state that the parties entered into a contract of sale and that the defendants breached said contract by failing to convey a marketable title to the plaintiffs. *Compare* Compl. at 4-5, *with* Compl. at 8-9. However, the plaintiffs would only be entitled to damages at law or specific performance in equity under ALA. CODE § 7-2-716 (1997); the plaintiffs could obviously not recover both. As the Alabama Supreme Court once stated:

> It is not questioned that, if full performance is had in equity, it is a bar to an action at law for damages for a breach of the contract. The specific performance of a contract leaves no breached contract. In some cases of doubt, concurrent actions for specific performance, and for damages at law, have been allowed to proceed without forcing an election; but final relief under both forms of action is not allowed. In either case the relief is full and exclusive. The equity jurisdiction in cases of specific performance is rested on the inadequacy of the remedy at law, and, where the legal remedy is found adequate, equity declines jurisdiction.

*McCreary v. Stallworth*, 102 So. 52, 53 (Ala. 1924); *see also General Secs. Corp. v. Welton*, 135 So. 329, 331 (Ala. 1931) (noting "the fundamental principle upon which the remedy of specific performance is based" is that "equity will decree the specific performance of a contract whenever it is made to appear that an action at law for damages would be an inadequate or impracticable remedy"). Thus, the Complaint itself may be fairly read as implicitly including the value of specific performance under the self-imposed $74,999 cap.

Second, the plaintiffs, in their affidavits supporting the Motion to Remand, repeatedly stated that they are seeking no more than $74,999 in this lawsuit. Furthermore, they are agreeable to an order of the court to "place[] an irrevocable cap on the amount of damages which may be sought by, or awarded to [the plaintiffs] in this case, and that this cap shall be set as $74,999, exclusive of costs and interests."[2] Brenda Dahlquist Aff. at ¶ 4; John Dahlquist Aff. at ¶ 4. 28 U.S.C. § 1447(c) requires a district court to remand a case if it lacks subject matter jurisdiction at any time before final judgment. A court must remand a matter even if a plaintiff reduced the amount of damages claimed below the jurisdictional threshold *after* removal proceedings. *Bailey v. Wal-Mart Stores, Inc.*, 981 F. Supp. 1415, 1416-17 (N.D. Ala. 1997) (Acker, J.). Thus, even if the face of the Complaint does not unambiguously limit the total value of remedies sought to less than$75,000, 28 U.S.C. § 1447(c) requires this court to remand the present case in

---

[2] The court is of the opinion that such an order is due to be entered, thus ensuring that the amount in controversy will not exceed $75,000.

light of the plaintiffs' affidavits and the court's Order capping damages at $74,999.

Finally, the defendants also argue that the plaintiffs exhibited bad faith in claiming no more than $74,999 in damages. *See* Defs.' Resp. at 5-6. Here, the plaintiffs meticulously limited their claimed damages to exactly $1 below the jurisdictional minimum, expressing in no uncertain terms their desire to pursue their cause of action in state court. The court affirms the notion that the plaintiffs are masters of their own complaint. Their self-imposed limit on the worth of their case hardly constitutes "bad faith." It is well within their right to limit themselves in such a manner as to ensure a state forum. *Tapscott v. MS Dealer Serv. Corp.*, 77 F.3d 1353, 1356 (11th Cir. 1996) (citing *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir. 1994)).

## III. CONCLUSION

For the foregoing reasons, the court is of the opinion that the plaintiffs' Motion to Remand is due to be granted. An order remanding this case to the Circuit Court of Jefferson County, Alabama, will be entered contemporaneously with this Memorandum Opinion.

DONE this 7th day of August, 1998.

*Sharon Lovelace Blackburn*
SHARON LOVELACE BLACKBURN
United States District Judge